**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Michele Rangel | * | |
| 1302 Gumwood Drive | | |
| Columbus, Ohio 43229 | * | Case No. 2:17-cv-473 |
| Plaintiff, | * | JUDGE |
| v. | * | MAGISTRATE JUDGE |
| Paramount Heating & Air Conditioning, LLC | * | **COMPLAINT** |
| 6665 Huntley Rd., Suite I | * | **JURY DEMAND ENDORSED HEREON** |
| Columbus, Ohio 43229 | | |
| | * | |
| - and - | | |
| | * | |
| William E. Brown, III, individually | | |
| 6665 Huntley Rd., Suite I | * | |
| Columbus, Ohio 43229 | | |
| | * | |
| Defendants. | * | |
| | * | |

Now comes Michele Rangel ("Plaintiff"), by and through undersigned counsel, and proffers this Complaint for damages against Paramount Heating & Air Conditioning, LLC ("Defendant Paramount" or "Paramount") and William E. Brown, III ("Defendant Brown" or "Brown") (collectively hereinafter "Defendants") as follows:

**I. JURISDICTION AND VENUE**

1. This action is brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*., the Ohio Minimum Fair Wage Standards Act, (the "Ohio Wage Act"), O.R.C. §§ 4111 *et seq*., and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts").

1

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue properly lies in this forum pursuant to 28 U.S.C. § 1391, because Defendants employed Plaintiff Rangel in the Southern District of Ohio, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and Defendants conduct substantial business in this judicial district.

## II. THE PARTIES

4. Plaintiff Michele Rangel is an individual, United States citizen, and resident of the State of Ohio living in the Southern District of Ohio.

5. At all times relevant herein, Plaintiff was jointly employed by Defendant Paramount and Defendant Brown from approximately May, 2014 through May 16, 2017 as a customer service representative.

6. As a customer service representative, Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA, the Ohio Wage Act, and the OPPA.

7. As a customer service representative, Plaintiff's primary job duties consisted of scheduling service visits and some bookkeeping duties.

8. Defendant Paramount is a domestic limited liability company with its principal place of business in the Southern District of Ohio.

9. Upon information and belief, Defendant Brown is the founder and sole member of Defendant Paramount. Defendant Brown is also Defendant Paramount's statutory agent.

10. Defendants are actively doing business, jointly and individually, in this judicial district. At all times relevant, Defendants are and have each been, jointly and individually, an "employer" as that term is defined by the FLSA, the Ohio Wage Act, and the OPPA.

11. During relevant times, Defendants jointly maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

12. During relevant times, Defendant Paramount and Defendant Brown mutually benefitted from the work performed by Plaintiff.

13. During relevant times, Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and other similarly situated employees.

14. During relevant times, Defendants shared the services of Plaintiff and other similarly situated employees.

15. During relevant times, Defendant Paramount and Defendant Brown acted directly or indirectly in the interest of each other in relation to Plaintiff and those similarly situated.

16. Upon information and belief, Defendants, jointly and individually, operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17. During relevant times, Defendant Brown has jointly owned, operated, and/or managed Defendant Paramount.

18. During relevant times Defendant Brown has jointly been involved in the operational decisions of Defendant Paramount.

19. During relevant times, Defendant Brown has been jointly involved in the employment decisions of Defendant Paramount, including, but not limited to, decisions about Defendants' wage and hour polices and/or practices that affect Plaintiff and all other similarly situated employees.

20. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

### III. STATEMENT OF FACTS

21. Plaintiff realleges the preceding paragraphs as if fully rewritten herein.

22. In or around May, 2014, Plaintiff began working for Defendants as a customer service representative until her employment ended on or about May 16, 2017.

23. At all times relevant, Plaintiff was compensated on an hourly basis approximately in the range of $12 to $14 per hour.

24. Plaintiff was never compensated on a salaried basis.

25. During her employment with Defendants, Plaintiff's weekly wages were reduced depending on the number of hours worked in a workweek, including when she worked below forty (40) hours per week.

26. As a customer service representative, Plaintiff was an hourly, non-exempt employee of Defendants.

27. As a customer service representative, Plaintiff primarily performed non-exempt job duties because they primarily consisted of scheduling service visits and some bookkeeping duties.

28. Plaintiff neither primarily performed managerial duties nor supervised two or more employees. Plaintiff could not hire, fire, or discipline employees.

29. Plaintiff's primary job duties did not consist of the exercise of discretion and independent judgment with respect to matters of significance.

30. Thus, at all times relevant, Plaintiff was employed as a non-exempt hourly employee entitled to overtime wages for all hours worked in excess of forty (40) in any workweek.

31. During the three years preceding the filing of Plaintiff's Complaint, Defendants did not pay Plaintiff one-and-a-half times her regular hourly rate ("overtime rate") for all hours she worked in excess of forty (40) in a workweek.

32. During the three years preceding the filing of Plaintiff's Complaint, Plaintiff was typically scheduled to begin work at 7:30 am and end at 4:30 pm each day, Monday through Friday, which totals approximately forty-five (45) compensable hours per week.

33. Although Plaintiff worked in excess of 40 hours each workweek, she was only compensated for forty (40) hours per week during all times relevant even though Defendants knew or should have known that Plaintiff worked in excess of forty (40) hours per week during all times relevant given the obvious schedule.

34. Defendants knew or should have been aware that Plaintiff worked in excess of forty (40) hours in a workweek, but willfully elected not to compensate her for all hours worked in excess of forty (40) during the three years preceding the filing of this Complaint.

35. Further stating, Plaintiff regularly worked beyond 4:30 pm at various times throughout each workweek because she regularly performed substantial duties on behalf of Defendants from her own home during the week and on the weekends, including, but not limited

5

to answering text messages, sending and receiving emails, making and answering phone calls to and from customers, and performing other miscellaneous tasks on behalf of Defendants.

36. Defendants' failure to pay Plaintiff resulted in unpaid wages, including overtime wages, liquidated damages, costs, and attorneys' fees.

37. In the alternative, Defendants misclassified Plaintiff as an exempt employee when it knew or should have known that Plaintiff either was not compensated on a salaried basis or that, if she was compensated on a salaried basis, that Plaintiff primarily performed non-exempt job duties and should have been paid her overtime rate for all hours worked in excess of 40 in any workweek.

## IV. CAUSES OF ACTION

### COUNT I
### FLSA – Unpaid Overtime

38. All of the preceding paragraphs are realleged as if fully rewritten herein.

39. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

40. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

41. The FLSA requires that non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

42. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.1, *et seq*.

43. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR § 541.301.

44. During the three years preceding the filing of this Complaint, Defendants employed Plaintiff.

45. Plaintiff routinely worked in excess of forty hours per week during the three years preceding the filing date of this lawsuit.

46. Plaintiff should have been paid the overtime premium for all hours worked in excess of forty hours per workweek.

47. Defendants failed to pay Plaintiff the overtime premium required by the FLSA.

48. Defendants pay or have paid other hourly non-exempt employees the overtime rate when they work in excess of forty (40) hours per week.

49. Accordingly, Defendants knew or should have known of the overtime payment requirements of the FLSA.

50. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

51. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendants' willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## COUNT II
## Ohio Revised Code § 4111.03 – Unpaid Overtime

52. All of the preceding paragraphs are realleged as if fully rewritten herein.

53. This claim is brought under Ohio law.

54. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111 et seq.; *See also* 29 U.S.C §206(b).

55. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938. *See* O.R. C. § 4111.03 (A), *See also* 29 U.S.C. § 207 (a)(1).

56. Plaintiff was a covered employee entitled to the Ohio Wage Act's protections.

57. Plaintiff was not exempt from receiving Ohio Wage Act overtime benefits because she was not an exempt "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* O.R.C. 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq.*

58. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR §541.301.

59. Defendants are covered employers required to comply with the Ohio Wage Act's mandates.

60. Defendants violated the Ohio Wage Act with respect to Plaintiff by failing to compensate her at the rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek.

61. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

62. For Defendants' violations of the Ohio Wage Act, Plaintiff has suffered damages and is entitled to recover unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
**Ohio Revised Code § 4113.15 - Ohio Prompt Pay Act**

63. All of the preceding paragraphs are realleged as if fully rewritten herein.

64. During relevant times, Defendants were each covered by the OPPA; and Plaintiff was employed by Defendants within the meaning of the OPPA.

65. The OPPA requires that the Defendants pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

66. During relevant times, Plaintiff was not paid overtime wages at one and one-half times her regular rate within thirty (30) days of performing the work. *See* O.R.C. §4113.15(B).

67. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

68. Plaintiff has been harmed and continues to be harmed by Defendants' acts or omissions described herein.

69. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and its actions entitle Plaintiff to liquidated

9

damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

V. **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff requests judgment against the Defendants as follows:

A. Finding that Defendants have failed to keep accurate records in accordance with the FLSA;

B. Finding that Plaintiff is entitled to prove her hours worked and damages with reasonable estimates;

C. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

D. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

E. Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses associated with this action;

F. Awarding Plaintiff reasonable attorneys' fees associated with this action;

G. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio law;

H. Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

I. Directing such other and further relief as the Court may deem just or appropriate.

Respectfully submitted,

/s/ *Matthew J.P. Coffman*_____
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

/s/ *Daniel I. Bryant*_____
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial of eight (8) persons to hear all issues so triable.

/s/ *Matthew J.P. Coffman*\_\_\_\_
Matthew J.P. Coffman (0085586)