IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michelle Rangel,

            Plaintiff,    :   Case No. 2:17-cv-473
  - vs -                        Judge Sarah D. Morrison
                             :   Magistrate Judge Chelsey Vascura

Paramount Heating & Air Conditioning,
  LLC., *et al*.,                 :
                                      :
           Defendants.

**<u>OPINION & ORDER</u>**

The Court considers this matter pursuant to Plaintiff's Motion for Summary Judgment for Liability for Failure to Pay Overtime Wages (ECF No. 36), Defendants' Motion for Summary Judgment (ECF No. 35) and all related filings. After due consideration, the Court **DENIES** both motions.

**I.    FACTUAL BACKGROUND**

Defendant Paramount Heating and Air Conditioning, LLC is, as its name implies, a residential heating and cooling contractor. (Brown Dep. 12.) Defendant William Brown is Paramount's sole owner and operator. (Brown Dep. 13.)

Plaintiff Michelle Rangel began working for Paramount as a customer service representative in May 2014. (Rangel Dep. 20.) Her duties included answering phones, dispatching technicians, completing warranty paperwork, scheduling appointments, payroll and checking Paramount's email. (Rangel Dep. 33-39; Brown Dep. 59.) She was an hourly, non-exempt employee. (Rangel Dep. 20.) Her hours were from 7:30 a.m. to 4:30 p.m. with a one-hour paid lunch break. (Brown Dep. 35, 108-9; Rangel Dep. 25.) Paramount did not have a formal timekeeping system. (Rangel Dep. 44; Brown Dep. 38.) So, Rangel kept track of her time

1

and emailed her hours to Brown every two weeks. (Rangel Dep. 24; Brown Dep. 132). She was typically the only person in the office. (Brown Dep. 32.)

Rangel resigned in May 2017. Her June 2017 Complaint asserts that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the similar Ohio Wage Act ("OWA"), O.R.C. §§ 4111 *et seq.*, by not paying her for hours worked over forty at one and one-half times her regular rate. (Compl. ¶¶ 38-62.) Rangel also alleges that Defendants violated the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, by failing to timely pay her overtime. *Id*. ¶¶ 63-69. Defendants deny all claims.

The parties' cross-motions for summary judgment are now before the Court.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Walton v. Ford Motor Co*., 424 F.3d 481, 485 (6th Cir. 2005).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also Longaberger*, 586 F.3d at 465. "Only disputed material facts,

those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment." *Daugherty v. Sajar Plastics, Inc*., 544 F.3d 696, 702 (6th Cir. 2008) (quoting *Anderson*, 477 U.S. at 248). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc*., 8 F.3d 335, 340 (6th Cir. 1993).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. *Daugherty*, 544 F.3d at 702; *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994). Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc*., 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Dominguez v. Corr. Med. Servs*., 555 F.3d 543, 549 (6th Cir. 2009).

### III. ANALYSIS

Rangel argues judgment as to liability in her favor is proper because Defendants knew, or should have known, that she was working in excess of forty hours per week. (ECF No. 36 at 1.) In contrast, Defendants maintain that Rangel's claims should be dismissed because she failed to accurately report her hours. (ECF No. 35 at 6-12.) After due consideration, the Court determines that the existence of genuine issues of material fact preclude judgment for either side.

The FLSA requires employers to pay covered employees overtime compensation "at a rate not less than one and one-half times the regular rate" for every hour worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). The relevant Ohio provision, Ohio Rev. Code § 4111.03(A), contains requirements identical to those in § 207(a)(1), and incorporates the procedures and standards contained in the FLSA. *Millington v. Morrow Cty. Bd. of Comm'rs*, No. 2:06-cv-347, 2007 U.S. Dist. LEXIS 74348, at *14 (S.D. Ohio Oct. 4, 2007) (citing *Briscoe v. Columbus Metropolitan Area Comm. Action Org*., No. 81AP-887, 1982 Ohio App. LEXIS 13116 (10th Dist.), 1982 WL 4028 at *3 (Ohio App. Mar. 9, 1982) ("By virtue of R.C. 4111.03(A), Ohio defers to federal regulations and case law for the determination of eligibility for overtime compensation.")). Hence, FLSA and Ohio Wage Act claims may be evaluated together. *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 385 n.1 (6th Cir. 2016).

To establish a *prima facie* claim under the FLSA for unpaid time, the plaintiff must show, by a preponderance of evidence, both that: (1) she performed work for which she was not properly compensated, and (2) her employer had actual or constructive knowledge of that overtime. *Id.* (citations and quotations omitted); *see also Myers v. Copper Cellar Corp*., 192 F.3d 546, 551 (6th Cir. 1999). Both sides focus on the later requirement, with Rangel contending that Defendants had the requisite knowledge of her overtime and Defendants arguing that they did not. Therefore, the issue is whether Defendants knew or had reason to know they were not compensating Rangel for hours she worked above forty in a week. *See White v. Baptist Mem'l Health Care Corp*., 699 F.3d 869, 873 (6th Cir. 2012).

"Work not requested but suffered or permitted is work time." 29 C.F.R. § 785.11. "Thus, if an 'employer knows or has reason to believe' that an employee 'is continuing to work' in excess of forty hours a week, 'the time is working time' and must be compensated at time-and-a-

half, even if the extra work performed was 'not requested' or even officially prohibited. *Craig*, 823 F.3d at 388 (quoting 29 C.F.R. 785.11). "A 'reason to believe,' or constructive knowledge of something, exists when the employer 'should have discovered it through the exercise of reasonable diligence.'" *Craig*, 823 F.3d at 388 (quoting *Carlisle Equip. Co. v. U.S. Sec'y. of Labor & Occupational Safety*, 24 F.3d 790, 793 (6th Cir. 1994)). However, "reasonable diligence is not an expectation of omniscience." *Craig,* 823 F.3d at 389.

Rangel maintains Defendants knew or should have known she was working in excess of forty hours a week for five reasons. First, she worked, and was paid for, overtime during her first two weeks on the job. (Rangel Dep. 27.) From this, Rangel reasons that because her job duties never substantially changed during her tenure at Paramount, Defendants had to know that she worked more than her allotted hours to finish her responsibilities. Second, Rangel states her scheduled workweek corresponded to the forty-five hours the office was open from 7:30 a.m. to 4:30 p.m., Monday through Friday. Third, she claims she never took a lunch break due to work-related telephone calls and deliveries. (Rangel Dep. 26.) Thus, she argues Defendants had to have known she was working at least five hours of overtime every week. Fourth, she offers time-stamped text and phone call logs between herself and Brown detailing work-related conversations after working hours. Fifth, she notes she worked at the local home and garden show on top of her normal workweek once each year. (Rangel Dep. 66-68; Brown Dep. 67-68.) According to Rangel, these factors establish that she is entitled to overtime as a matter of law.

Defendants disagree. They counter that they paid Rangel for her first and only overtime submission. Brown further states that he then told Rangel not to work overtime, so he expected her to keep her hours at forty or under per week. (Brown Dep. 48, 50.) They next respond that Rangel's normal schedule was forty hours a week, 7:30 a.m. to 4:30 p.m., with a hour for lunch

each day. *Id*. 108-9. They further dispute Rangel's claimed inability to take a lunch because Paramount had an answering service to take calls and Brown could remotely let people into the office for delivery purposes. *Id*. 49, 73. Finally, Defendants downplay the text and phone records as well as the home and garden shows, arguing that Rangel's failure to report her overtime hours lodged during those events prevented them from knowing she was working more than forty hours in a particular week.

"Whether a party had the requisite knowledge is a question of fact" that "requires '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences,' all of which 'are jury functions, not those of a judge.'" *Craig*, 823 F.3d at 391-92 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986)). Consequently, summary judgment in FLSA actual or constructive knowledge unpaid overtime cases is "exceedingly rare, because an employer's knowledge of unpaid work often turns on disputed issues of fact." *White*, 699 F.3d at 878 (Nelson Moore, J., dissenting).

This is not the "exceedingly rare" case warranting summary judgment because numerous material issues of fact are present here. For purposes of brevity, the Court will highlight some but not all of those issues. To begin, the parties disagree about whether Rangel's job duties prevented her from taking a lunch break. (Rangel Dep. 26; Brown Dep. 49, 73.) Under the FLSA, "[c]ompensation is necessary only when an employee is required to give up a substantial measure of his time." *White*, 699 F.3d at 873 (internal quotation and citation omitted.) And, while Brown testified Rangel's lunch break was an hour, the employee handbook "recommends" that lunches be limited to a half-hour, further underscoring the uncertainty surrounding Rangel's lunch time. (Brown Dep. 108-9; ECF No. 33-8.)

When an employer has "a reasonable process for an employee to report uncompensated work time the employer is not liable for non-payment if the employee fails to follow the established process." *White*, 699 F.3d at 876. Defendants state that they had such a process; Rangel states that they did not. This discrepancy is another unresolved issue of material fact warranting denial of summary judgment.

And, even assuming, arguendo, that Defendants did have such a policy, employers who "prevent[] the employees from reporting overtime or [are] otherwise notified of the employees' unreported work" are still on the hook for unpaid overtime. *White*, 699 F.3d at 876. Issues of material fact are present as whether Defendants kept Rangel from reporting her asserted overtime and as to whether Defendants were otherwise notified of Rangel's claimed overtime. To illustrate, Rangel claims Brown told her not to "submit" overtime, but Brown claims he told her not to "work" overtime. (Rangel Dep. 27; Brown Dep. 48, 50, 65.) Regarding Brown's after-hours, work-related calls and texts to Rangel, "[a]ccess to records indicating that employees were working overtime, however, is not necessarily sufficient to establish constructive knowledge" as a matter of law. *Hertz v. Woodbury Cty.*, 566 F.3d 775, 781-82 (8th Cir. 2009); *see also Newton v. City of Henderson*, 47 F.3d 746, 749 (5th Cir. 1995); *see also White*, 699 F.3d at 874-875 (6th Cir. 2012) (citing *Hertz* and *Newton*).

In sum, genuine issues of material fact are present that necessitate the denial of the cross-motions for summary judgment.

## IV. CONCLUSION

The cross-motions for summary judgment (ECF Nos. 35 and 36) are **DENIED.**

A separate order will issue shortly scheduling the final pre-trial and trial dates.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**